IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY KEYTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-97-SLR |
| | ) |
| PRESIDENT GEORGE W. BUSH, | ) |
| CHIEF JUSTICE JOHN G. ROBERTS, | ) |
| ATTORNEY GENERAL ALBERTO | ) |
| GONZALES, and FBI DIRECTOR | ) |
| ROBERT MUELLER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of March, 2008, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that follow:

1. **Background.** Plaintiff Anthony Keyter ("plaintiff"), filed this action on February 21, 2008. (D.I. 1) He appears pro se, did not pay the filing fee, and did not request leave to proceed without prepayment of the filing fee.

2. **Standard of Review.** Because plaintiff did not pay a filing fee, the court presumes he seeks to proceed in forma pauperis. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Fantastical or delusional claims that are clearly baseless are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 22, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).

    3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

    4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, –F.3d–, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion.** Plaintiff entitles his filing as an "affidavit of complaining witness/criminal complaint: insurrection and seditious conspiracy against the laws of the United States." (D.I. 1) Initially, the court notes that this is not plaintiff's first attempt in seeking criminal prosecution against government officials. See Keyter v. United States, Civ. Action No. 3:2008cv00260 (N.D. Tex. Feb. 11, 2008); Keyter v. United States, Misc. No. 1:2006mc00148 (D.D.C. Mar. 9, 2006); Keyter v. McCain, Civ. Action No.

2:2005cv01923 (D. Ariz. (June 24, 2005); Keyter v. 230 Government Officers, 372 F. Supp. 2d 604, 605-08 (W.D. Wash. 2005); Keyter v. Bush, Civ. Action No. 1:2003cv02496 (D.D.C. Dec. 3, 2003). Plaintiff has litigated various claims and appeals in Washington state court, has filed lawsuits against President Bush in the United States District Court for the District of Columbia, and has sued 230 state and federal government officials in the United States District Court for the Western District of Washington. Keyter v. McCain, Civ. Action No. 05cv01923 (D. Az. June 24, 2005). All lawsuits have been dismissed.[1] Id.

6. Plaintiff's cause of action purports to be based on the following federal criminal statutes: 18 U.S.C. § 3, § 1117 and § 1201 and 18 U.S.C. §§ 2381 through 2384. There is no constitutional right to have someone criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. See United States v. Batchelder, 442 U.S. 114, 124 (1979). Moreover, these criminal statutes do not provide a private right of action, as plaintiff is well aware, having had similar claims dismissed in his federal actions in the District of Columbia and Western District of Washington. See Keyter v. Bush, No. 03-2496 slip op. at 6-7 (D.D.C. Aug. 6, 2004); Keyter v. 230 Government Officers, 372 F. Supp. 2d at 610-11.

7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to

---

[1] Plaintiff's litigation activities are described in some detail in Keyter v. 230 Government Officers, 372 F. Supp. 2d 604, 605-08 (W.D. Wash. 2005).

…

28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  See <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004); <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002); <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976).

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE