**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ANTHONY KEYTER,              :
                                    :
      Plaintiff,                   :
                                    :        Civil Action No. 08-97-SLR
                 v.                       :
                                    :
PRESIDENT GEORGE W. BUSH,    :
CHIEF JUSTICE JOHN G. ROBERTS,   :
ATTORNEY GENERAL ALBERTO     :
GONZALES AND FBI DIRECTOR      :
ROBERT MUELLER,            :
                                    :
      Defendants.             :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

1.　　　Plaintiff, Anthony Keyter ("Plaintiff or Keyter") filed his initial complaint on

February 21, 2008 (D.I. 1.) Because he filed his complaint without the filing fee the Court

presumed he intended to proceed *in forma pauperis*.

2.　　　In accordance with 28 U.S.C. § 1915, the Court evaluated the Complaint and by

Memorandum Order dated March 5, 2008, dismissed the complaint on the grounds that it was

frivolous and failed to state a claim on which relief can be granted. (D.I. 3.)

3.　　　By way of letter filed with the Court on March 10, 2008, Plaintiff submitted the

filing fee and requested that the Court issue summons for the four defendants in the action. (D.I.

4.)

4.　　　Plaintiff served an amended complaint ("Complaint") on the United States

Attorney for the District of Delaware on March 28, 2008. He filed the same document with the

Court on April 9, 2008. (D.I. 6.) The Complaint purported to set forth the narrative of the facts

underlying Plaintiff's claims, and included sections entitled "Preface," "The Nature of the Case,"

"Jurisdiction," "Entitlement to Relief," "The Causes of Harm," "Relief Sought," and "Denial of Order to Compel — Alternate Relief," and attached the initial complaint as Addenda 1, 2, and 3.

5.    Although Plaintiff has made a facial attempt to conform his claims to the required pleading standards, the Complaint is virtually identical in substance to the initial complaint already dismissed for failure to state a claim and labeled as frivolous by this Court.

6.    Plaintiff now styles his claims as a request for the Court to compel defendants and "their government co-conspirators and agents" to "address and terminate" what defendant alleges to be the ongoing criminal acts of the defendants including "seditious conspiracy," "treason," and "murder."  Although he now has added a demand that defendants "make amends and pay restitution," the requested relief is, in essence, a request for the criminal prosecution of the defendants.  Indeed, as an alternative to an order compelling defendants to address the wrongs by instituting a criminal action, Plaintiff asks the Court to "deal with the crimes."   This is not only the same relief requested in the initial complaint dismissed by the Court, it is the same relief Plaintiff has unsuccessfully sought in federal actions filed (and subsequently dismissed) in the District of Columbia and the Western District of Washington.  See Keyter v. Bush, No. 03-2496, slip op. (D.D.C. Aug. 6. 2004)); Keyter v. 230 Government Officers, 372 F. Supp.2d 604 (W.D. Wash. 2005).

7.    Plaintiff's Complaint fails to state a claim on which relief can be granted because he has no basis on which to compel prosecution under federal criminal laws.  "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."  United States v. Batchelder, 442 U.S. 114, 124 (1979); see also United States v. Santtini, 963 F.2d 585, 595-96 (3d Cir. 1992) (enforcement of laws vested

primarily in executive branch and prosecutor retains discretion in charging crimes); <u>Joynes v.</u>
<u>Meconi</u>, 2006 WL 2819762 at *10 (D. Del., Sept. 30, 2006) (dismissing plaintiff's claims in civil
suit alleging violations of criminal statutes).  Thus there is no basis on which Plaintiff can seek to
compel Defendants to undertake criminal prosecutions and no basis on which he can institute
those actions as a private citizen.

8.     In addition to those cases referenced in Paragraph Six, Plaintiff has filed lawsuits
in other jurisdictions where the allegations closely parallel those contained in the Complaint.
<u>See</u> <u>e.g.</u>, <u>Keyter v. United States</u>, 3:08-cv-00260 (N.D. Tex); <u>Keyter v. McCain</u>, 2:2005cv01923
(D. Ariz.).  Courts have uniformly dismissed Keyter's claims and at least one jurisdiction has
barred Plaintiff from filing further actions seeking to remedy the alleged injustices arising out of
or connected to his divorce action.  <u>See</u> <u>Keyter v. United States</u>, C08-5235RBL (W.D. Wash.)
(Order dated May 14, 2008).

9.     Plaintiff's Complaint also fails to state a claim on which relief can be granted
because he includes only conclusory allegations that simply fail to set forth any cognizable cause
of action.  In deciding a motion to dismiss, the Court need not credit "'bald assertions' or 'legal
conclusions.'"  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Although
the Complaint and its addenda are lengthy, Plaintiff fails to identify the acts or omissions of
defendants that resulted in the alleged violations with any degree of specificity.

10.    Moreover, the Complaint fails to state a claim because it appears that to the extent
Keyter alleges a violation of his constitutional rights, the defendants are entitled to immunity
from Plaintiff's claims for damages.  As President of the United States, defendant George W.
Bush is "entitled to absolute immunity from damages liability predicated on conduct [or a lack

thereof] within the scope of his official duties." Crawford-El v. Britton, 523 U.S. 574, 586

(1998) (citing Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982)).  Similarly, defendant Chief

Justice John Roberts is entitled to the same immunity from damages for any actions taken in his

judicial capacity.  See, e.g., Hagerty v. Keller, 474 U.S. 968, 969 n.2 (1985); Hughes v. Long,

242 F.3d 121, 125 (3d Cir. 2001).

11.     Although the allegations of the Complaint are vague and nonspecific, they appear

to attack defendants in their official capacities as high-ranking government officials for

violations of some sort of constitutional rights.  No such rights exist.  However, even if they did,

the Attorney General and Director of the FBI would be entitled to qualified immunity.  See

United States v. Stanley, 483 U.S. 669, 694 (1987); Melo v. Hafer, 13 F.3d 736, 745 (3d Cir.

1994).  Qualified immunity is an affirmative defense.  However, a complaint may be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) when the qualified immunity defense appears on the face of

the complaint.  Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001).

12.     Plaintiff's Complaint should also be dismissed as venue is improper in this Court.

See Fed. R. Civ. P. 12(b)(3); Hohn v. United States, 524 U.S. 236, 248 (1998).  Plaintiff fails to

articulate any connection to the State and District of Delaware and despite the length of the

Complaint there is nothing connecting the claims to this venue.  Plaintiff is a resident of

Washington State and Defendants are either residents of or are closely connected to the District

of Columbia.[1]

---

[1]It should be noted that Plaintiff has filed similar lawsuits in those jurisdictions and that those suits have been dismissed.  In connection with a recent case, judicially transferred from the Northern District of Texas, the Court dismissed the case and barred Plaintiff from filing further suits in the Western District of Washington.

13.     For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in accordance with Fed. R. Civ. P. 12(b)(6) and 12(b)(3).


DATED: May 22, 2008.

<div style="margin-left:40%">

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:_____/s/ Lesley F. Wolf_____
        Assistant United States Attorney
        The Nemours Building
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277

Attorney for Defendants

</div>

**CERTIFICATE OF SERVICE**

I, Lesley F. Wolf, hereby attest under penalty of perjury that on this 22th day of May, 2008, I directed that two copies of the Defendants' Motion To Dismiss and Memorandum of Points and Authorities in support thereof, and proposed Order, be sent to the following pro se Plaintiff by First Class Mail:

Anthony Keyter
6200 Soundview Drive, R201
Gig Harbor, WA 98335


_____/s/ Lesley F. Wolf_____
Assistant United States Attorney