# Appendix 2

If **Case No. 1:08-CV-97-SLR** is dismissed under the incitement of the Defendants, Presiding Judge Sue Robinson would violate the Constitution, the laws, and the Federal Rules of Procedure, as presented below:

1. ***Judge Robinson would violate the Statute on Treason, 18USC2381.***

    Owing allegiance to the United States, Judge Robinson would adhere to their enemies, giving them aid and comfort within the United States. Knowing of the insurrection against the authority and the laws of the United States, and that treason has been committed by the insurgents, Judge Robinson would assist and adhere to the enemies of the United States. Judge Robinson would give the enemies of the United States aid and comfort by i) hindering and preventing their apprehension, trial, and punishment, and by ii) condoning and allowing their subversive activities to continue unimpeded. Her actions would violate 18USC2381.

2. ***Judge Robinson would violate the Statute on Misprision of Treason, 18USC2382.***

    Owing allegiance to the United States, and having knowledge of the commission of treason against them, Judge Robinson would have failed to take action on the reports of treason, concealed, and would not as soon as may be, disclose and make known the same *to the President* or to some *other judge* who would take the necessary and appropriate action to deal with the treason. By so doing Judge Robinson would violate 18USC2382.

2008 JUN -9 AM 11:40
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

3. ***Judge Robinson would violate the Statute on Seditious Conspiracy, 18USC2384***

> *"If two or more persons, in any State or Territory or in any place subject to the jurisdiction of the United States, conspired to, **by force, prevent, hinder, or delay the execution of any law of the United States,** the Court shall fine the conspirators under this title or imprison them not more than twenty years, or both".*

The Court would fail to arrange for investigations and prosecution; fail to administer the above law, fail to protect the public from the seditious conspiracy, and sanction the continuance of the misdeeds of the Defendants, viz., to prevent, hinder, and delay, by force (attempted murder), the execution of the laws of the United States.

By dismissing the case without addressing the crimes, whilst knowing that the seditious conspiracy was still afoot against the United States, Judge Robinson would assist the conspirators in order to hinder and prevent their apprehension, trial, and punishment; and make it possible for the conspirators to continue their seditious conspiracy. Judge Robinson would further the subversive aims of the conspiracy and thereby become a co-conspirator, in violation of 18USC2384.

4. ***Judge Robinson would violate the statute on Rebellion or Insurrection, 18USC2383***

Pursuant the statute on Rebellion or Insurrection, the Court shall fine under this title or imprison for not more than ten years, or both, whoever has incited, set on foot, assisted, or engaged in any rebellion or insurrection against the authority of the United States ***or the laws thereof,*** or given aid or comfort thereto, and shall prevent them from holding any office under the United States.

Knowing of the insurrection against the United States and the role of the Defendants therein, Judge Robinson would fail to administer this law. Judge Robinson would have allowed the insurrection to continue and allowed the Defendants to remain in their offices of authority whilst they engaged in the insurrection against the laws of the United States. Judge Robinson would have assisted the insurgents to escape justice and hindered and prevented their apprehension, trial, and punishment. Judge Robinson would thereby actively engage in the insurrection against the authority and the laws of the United States, and give aid or comfort thereto, in violation of 18USC2383.

5. **Judge Robinson would violate the Statute on Conspiracy to Kidnap, 18USC1201**

   The seditious conspirators brought before Judge Robinson, conspired to unlawfully inveigle, seize, kidnap, and confine a court witness and informant. The seditious conspirators resorted to force (two foiled kidnap attempts) in order to thwart the enforcement, administration, and execution of the laws upon their conspiracy. Amongst the seditious conspirators who so conspired to violate 18USC1201, the Defendants did substantially act to effect the object of the conspiracy. Their deeds are described in the Dossier of Crimes, Volume 3, Chapters 1, 42-45, available as evidence to this Court. Subsequent evidence of stalking indicates that the Defendants intend to consummate their plot.

   Knowing that the Defendants conspired to violate Section 1201 and performed overt acts to effect the object of the conspiracy, Judge Robinson would willfully fail to perform her important judicial function to arrest the offenders and

address the crimes. By dismissing the case without addressing the serious crimes, Judge Robinson would assist the conspirators in order to hinder and prevent their apprehension, trial, and punishment. Judge Robinson would have made it possible for the conspirators to continue their *ongoing plot.* Her criminal assistance would render her a co-conspirator in violation of 18USC1201.

6. ***Judge Robinson would violate the Statute on Conspiracy to Murder, 18USC1117***

   Murder is defined as the unlawful killing of a human being with malice aforethought. (18USC1111). Every murder perpetrated by attempt to perpetrate kidnapping, or treason, or certain other crimes, is murder in the first degree, which imposes a death sentence or life imprisonment.

   There is an *ongoing conspiracy* by the seditious conspirators to murder the Plaintiff, whilst perpetrating kidnap, treason, and other serious felonies. The Defendants have already performed substantial overt acts to effect the object of the conspiracy. (*See* Dossier of Crimes Volume 3, Chapters 1, 42-45). Subsequent evidence of stalking indicates that the Defendants intend to carry out their plot.

   Knowing that several persons conspired to violate 18USC1111 and that the Defendants did overt acts to effect the object of the conspiracy, Judge Robinson would willfully fail to perform her important judicial function to arrest the offenders and address this crime in order to prevent further acts which would effect the object of their conspiracy. By failing to take vital judicial action, Judge Robinson would assist the prospective murderers to continue with their *ongoing*

*criminal plot to murder.* Her criminal assistance would render her a co-conspirator to violate 18USC1117.

7. ***Judge Robinson would violate the Statute on Domestic Terrorism, 18USC2331(5)***

> *"Domestic terrorism" means activities that a) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; b) appear to be intended b(i) to intimidate or coerce a civilian population; b(ii) to influence the policy of a government by intimidation or coercion; b(iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and (c) occur primarily within the territorial jurisdiction of the United States.*

By failing to take judicial action where such action is due, Judge Robinson would sanction ongoing activities by the 14,164 seditious conspirators which involve acts dangerous to human life (conspiracy to kidnap and assassinate), and which activities are a violation of the criminal laws of the United States and the 50 States. Judge Robinson would provide safe haven and passage to known terrorists (persons who use violence and intimidation in pursuit of political aims), assisting and enabling them to continue their activities and to plot further acts of violence against the people of the United States. The activities of the plotters clearly appear to be intended: (i) to intimidate and coerce a civilian population, or elements thereof who oppose the terrorists; (*See* Dossier of Crimes, Volume 3, Chapters 1, 42-45); (ii) to influence and secure by intimidation and coercion, the proliferation of a corrupt policy of the government and the courts viz.: by force, to obstruct the administration of the laws, defeat the course of justice, provide protection to known criminals, and to deny constitutional rights to due process

and protection of the laws; and, (iii) to affect this corrupt policy of the government and the courts by kidnapping and assassination.

By aiding and abetting the terrorists through failing to apprehend them, and by allowing their activities to continue unimpeded whilst having a duty to arrest it, Judge Robinson would violate 18USC2331(5).

## 8. *Judge Robinson would obstruct justice in violation of 18USC1505*

By illegally dismissing the case without addressing the deluge of crimes committed by the Defendants, Judge Robinson would corruptly obstruct and impede the due and proper administration of the laws under which proceedings are being had before the appropriate courts of the United States, and thereby would violate 18USC1505.

## 9. *Judge Robinson would be Accessory to Tampering with a Witness or an Informant - 18USC 1512(c)*

Defendants and their co-conspirators/accessories (a conspiracy of 14,164 people) corruptly destroyed or concealed court documents and records of their offenses with the intent to impair their integrity and availability for use in court proceedings. Defendants and their co-conspirators/accessories, have otherwise obstructed and impeded official proceedings against them, by failing (as officials) to protect the court records and/or bring the perpetrators of the theft to justice {*See* US Supreme Court case nos. 05-140, 06-1069, and 06-284; US District Court, Dallas, case no. 3:08cv260; and Washington State Superior Court case no. 00-3-02932-1}. Defendants and their co-conspirators violated 18USC1512(c).

Knowing that that these offenses against the United States have been committed, and failing to administer the laws upon the offenders, Judge Robinson would assist the offenders and hinder and prevent their apprehension, trial, or punishment. Judge Robinson would thus be an accessory after the fact to the violations of 18USC1512(c).

**10. *Judge Robinson would be Accessory to Retaliation Against a Witness - 18USC1513***

The Defendants and their agents attempted to kill the Plaintiff with intent to retaliate against him for i) his witness and testimony at official proceedings, and in particular, in Supreme Court case no. 05-140 against President Bush; and ii) providing to law enforcement officers, information relating to the commission of federal offenses. These actions violated 18USC1513 (a)(1).

The Defendants and their agents, have knowingly, with the intent to retaliate, taken action harmful to the complainant, including interference with the lawful employment *and* livelihood of the Plaintiff, as a result of the Plaintiff providing to law enforcement officers truthful information relating to the commission of federal offenses. The criminal conspirators destroyed Plaintiff's career and blocked him from practicing his profession. These actions by Defendants and their co-conspirators, violated 18USC1513 (e).

Knowing that that these offenses against the United States have been committed, and failing to administer the laws upon the offenders, Judge Robinson would assist the offenders and hinder and prevent their apprehension, trial, or

punishment.  Judge Robinson would be an accessory after the fact to the violations of 18USC1513 (a)(1) and 18USC1513 (e).

**11. Judge Robinson would be Accessory After the Fact to Crimes detailed in the Dossier of Crimes, 18USC3**

Knowing that multiple serious felonies have been committed against the United States, and failing to administer the laws upon the offenders, Judge Robinson would assist the perpetrators of those crimes and hinder and prevent their apprehension, trial, or punishment.  Judge Robinson would be an accessory after the fact to the multiple crimes of the seditious conspiracy as documented in the *'Dossier of Crimes'*.

**12. Judge Robinson would violate the Statute on Misprision of Felony, 18USC4.**

In her authoritative position as judge, Judge Robinson has an official duty to address crimes reported to her (*See* 18USC3041; FRCrimP, Rules 4 & 41). Failing to deal with the criminals herself, then Judge Robinson has, over and above her official duty, a citizenry duty to report those crimes to someone in authority who will deal with them.

Knowing of the actual commission of felonies cognizable by the courts of the United States, as detailed in the criminal complaints, Judge Robinson must address the crimes pursuant to 18USC3041, *or* as soon as possible make known the same to some judge or other person in civil or military authority under the United States *who will take action* - action which is peremptory in the context of this law.  By dismissing this case instead of taking action where action is due,

Judge Robinson would provide protection to known criminals and conceal their crimes. These acts and omissions would violate 18USC4.

### 13. Judge Robinson would violate Statute 28USC453

By dismissing the case Judge Robinson would willfully fail to faithfully and impartially discharge and perform *all* the duties incumbent upon her under the Constitution and laws of the United States, and would violate 28USC453.

### 14. Judge Robinson would violate the Statute 18USC3041

Pursuant the statute 18USC3041, the Court shall arrest and imprison the Defendants for any offenses against the United States. Judge Robinson would willfully fail to perform that obligation, and violate 18USC3041.

### 15. Judge Robinson would violate the Statute on Contempt of Court, 18USC401

Through failure to administer the applicable laws and by violating the rules and the laws described herewith, Judge Robinson would show contempt for the authority and the laws of the Court. Judge Robinson would misbehave in its presence or so near thereto as to obstruct the administration of justice. Judge Robinson would misbehave in her official transactions and would be disobedient and resistant to the Court's lawful process and rules. Judge Robinson would violate 18USC401.

### 16. Judge Robinson would violate the Statute on Conspiracy against Rights, 18USC241

When two or more persons conspire to oppress any person in any State in the free exercise or enjoyment of any right or privilege secured to him by the

Constitution or laws of the United States, the Court shall fine them under this title or imprison them not more than ten years.

By dismissing the case Judge Robinson would fail to administer this law upon the Defendants and would thereby fail to protect the public and Plaintiff against criminal elements and government assassins within the government. Judge Robinson would sanction the continuance of the conspiracy against Constitutional rights.

By dismissing the case without addressing and terminating the conspiracy, Judge Robinson would conspire with the Defendants and their attorney to oppress the free exercise and enjoyment of rights secured to the Plaintiff by the Constitution. Judge Robinson would make it possible for the Defendants to continue their oppression of rights, and would assist the conspirators in order to hinder and prevent their apprehension, trial, and punishment. Acting in concert with the conspirators, Judge Robinson would further the aims of the conspiracy to suppress rights, and would thereby violate 18USC241.

**17. *Judge Robinson would violate the Statute on Deprivation of Rights, 18USC242***

Personal rights are protected under the 14th Amendment of the Constitution:

> "... *nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws*".

Judge Robinson has the judicial power to safeguard life and liberty where there is known to be an ongoing threat of kidnap and murder by government assassins, and a continuing threat to the life and liberty of the Plaintiff. Statute 18USC3041

and Federal Rules of Criminal Procedure, Rules 4 and 41, demand that the Court arrest the offenders under such circumstances.

Where there is known to be a conspiracy against the Constitutional rights of due process and protection of the laws, Judge Robinson would condone that oppression if she fails to take judicial action, as the Defendants request she do. If no arrests are made, the virulent subversive activity by the insurgents will continue with impunity and with the knowledge and consent of Judge Robinson. By dismissal, as the Defendants incite, Judge Robinson would fail to apprehend the offenders, fail to bring the offenders to trial before the court, and fail to punish the offenders. Judge Robinson would fail to take any steps to safeguard the life and liberty of the Plaintiff, against further onslaught by government assassins. Judge Robinson would deny *due process of law*, and deny equal protection of the laws to the Plaintiff. Despite having full knowledge of the insurrection against the laws, and conspiracy to murder, Judge Robinson would fail to secure public safety, and fail to order that:

> *"No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any state legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, who has engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof" (14th Amendment, Section 3).*

By dismissal of the case, Judge Robinson would willfully subject the American people in general and the Plaintiff in particular, to the deprivation of rights secured by the Constitution and laws of the United States, in violation of title 18USC242.