IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY KEYTER, | : |
| | : |
| Plaintiff, | : |
| | :  Civil Action No. 08-97-SLR |
| v. | : |
| | : |
| PRESIDENT GEORGE W. BUSH, | : |
| CHIEF JUSTICE JOHN G. ROBERTS, | : |
| ATTORNEY GENERAL ALBERTO | : |
| GONZALES AND FBI DIRECTOR | : |
| ROBERT MUELLER, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1.  Following the Court's dismissal of his original complaint, Plaintiff served an amended complaint ("Complaint") on the United States Attorney for the District of Delaware on March 28, 2008. He filed the same document with the Court on April 9, 2008. (D.I. 6.) On May 22, 2008, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), on the grounds of improper venue and failure to state a claim on which relief can be granted. (D.I. 10.)

2.  On June 9, 2008, Plaintiff filed a response to Defendants' motion to dismiss. (D.I. 12.) Plaintiff's opposition, however, relies on the same non-specific and generalized allegations that are articulated in the Complaint and fail to state a claim.

3.  Plaintiff admits that his Complaint seeks the criminal prosecution of the defendants. As discussed more fully in the Defendants' Memorandum of Points and Authorities, (D.I. 11), a private citizen may not institute a criminal prosecution. See, e.g., United States v.

Batchelder, 442 U.S. 114, 124 (1979); United States v. Santtini, 963 F.2d 585, 595-96 (3d Cir. 1992).

    4.    Plaintiff also persists in claiming that his "bald assertions" are sufficient to set forth a cause of action. As in the Complaint itself, plaintiff makes bold allegations about the unlawful acts of defendants but fails to specifically identify a single factual event that gives rise to his claims. Plaintiff's reliance on conclusory allegations and legal conclusions is fatal to his claims. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

    5.    Moreover, Plaintiff fails to explain why, on any legal grounds, Defendants are not entitled to immunity. See Crawford-El v. Britton, 523 U.S. 574, 586 (1998) (president entitled to absolute immunity); Hagerty v. Keller, 474 U.S. 968, 969 n.2 (1985) (judges entitled to absolute immunity); United States v. Stanley, 483 U.S. 669, 694 (1987) (high ranging government officials *i.e.* Attorney General and Director of FBI entitled to qualified immunity).

    6.    Plaintiff also fails to articulate why venue is proper in this Court. Although he states there are "156 criminal conspirators embroiled in this seditious conspiracy who are domiciled in Delaware," his Complaint names only four defendants— none of whom is domiciled in this jurisdiction.

7.  For the foregoing reasons, and those set forth more fully in the Memorandum of Points and Authorities, Defendants respectfully request that the Court dismiss the Complaint in accordance with Fed. R. Civ. P. 12(b)(6) and 12(b)(3).

DATED: June 18, 2008.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

By: /s/ Lesley F. Wolf
        Assistant United States Attorney
        The Nemours Building
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277

        Attorney for Defendants

**CERTIFICATE OF SERVICE**

      I, Lesley F. Wolf, hereby attest under penalty of perjury that on this 18th day of May, 2008, I directed that two copies of the Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss, be sent to the following pro se Plaintiff by First Class Mail:

Anthony Keyter
6200 Soundview Drive, R201
Gig Harbor, WA 98335

                                                       /s/ Lesley F. Wolf
                                            Assistant United States Attorney