# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

**ANTHONY KEYTER**
*Plaintiff - Pro Se*

v.                                        Civil Action No. 1:08-CV-97-SLR

**PRESIDENT GEORGE W. BUSH**
**CHIEF JUSTICE JOHN G. ROBERTS**
**ATTORNEY GENERAL ALBERTO GONZALES**
**FBI DIRECTOR ROBERT MUELLER**
*Defendants*

# URGENT EX PARTE MOTION
# FOR PRELIMINARY INJUNCTION

| | |
|---|---|
| Date: | June 23, 2008. |
| Signature: | *[signature]* |
| Print Name: | Anthony P. Keyter |
| Address: | 6200 Soundview Dr. R201 |
| City, State, Zip: | Gig Harbor, WA 98335 |
| Telephone: | (253) 853-3859 |

## URGENT EX PARTE MOTION FOR PRELIMINARY INJUNCTION

There is a criminal conspiracy afoot to retaliate against the Plaintiff; to neutralize Anthony P. Keyter as Plaintiff and as a prime witness to crimes in an ongoing seditious conspiracy; to conceal and remove key evidence of the crimes; to corruptly and illegally dismiss, without due process, all cases from the courts that deal with the seditious conspiracy; to obstruct justice; to deny rights; and to render criminal assistance to known criminals. Two (foiled) attempts have been made to kidnap and murder Plaintiff. Subsequent evidence of stalking indicates that the seditious conspirators intend to consummate that plot. There are 14,164 known conspirators in the conspiracy, as of March 31, 2008. The senior government officers who are Defendants in this case represent the leadership element of this seditious conspiracy.

Plaintiff Anthony P. Keyter respectfully moves this Court for injunctive relief against the Defendants, and against persons in active concert with them in this seditious conspiracy. The objective of this injunction is to enjoin the Defendants, and their co-conspirators listed in the *'Dossier of Crimes'*, to cease from further retaliation and harm against the Plaintiff as court litigant and as prime witness to crimes committed by the Defendants and their co-conspirators. The crimes committed by the Defendants and their co-conspirators have been presented in the *'Dossier of Crimes'* which was filed with this Court on June 6, 2008.

A concomitant objective of this injunction is to prohibit the Defendants and their co-conspirators from further denying Plaintiff due process of law, denying Plaintiff his Constitutional right to protection of the laws, and from committing additional offenses against the Plaintiff and the United States in connection with this case.

## RELIEF REQUESTED

The US District Court, Delaware, is urgently requested to issue a preliminary injunction against the Defendants, and against those in active concert with them, to obtain the following immediate relief:

**PART I**

1. Prohibit any acts of intimidation of the Plaintiff, or retaliation against the Plaintiff, either directly or indirectly.

2. Prohibit any illegal acts which may harm the Plaintiff.

3. Prohibit further removal of, or tampering with in any way, court evidence in *this* case.

4. Prohibit any acts which may deny Plaintiff due process of law in the courts.

5. Prohibit any acts which may deny Plaintiff his Constitutional rights, including the right to protection of the laws.

6. Prohibit the illegal interception of Plaintiff's communications in violation of the tenets of the Patriot Act.

This order to stand until the criminal investigations into the crimes presented in the *'Dossier of Crimes'* are complete and the law has been administered upon the Defendants and their co-conspirators for their harmful acts.

**PART II**

The US District Court, Delaware, is respectfully requested to terminate the harmful seditious conspiracy, to arrest the conspirators, and to administer the laws upon the Defendants and their co-conspirators for the malicious crimes presented in the *'Dossier of Crimes'*.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF URGENT EX PARTE MOTION FOR PRELIMINARY INJUNCTION

## BACKGROUND/ FACTS

In January 2002, the Plaintiff suffered the seizure of his de jure property through illegal action by the Washington State Government. The Plaintiff sought 'protection of the laws' against that illegal action in the courts, as is his inalienable right secured to him by the Constitution of the United States. However, in order to shield malfeasant government officials responsible for the illegal seizure, that 'protection of the laws' was denied the Plaintiff by government officers who had a duty to administer and enforce the laws. By failing their statutory duties, and by shielding felonious colleagues, the latter mentioned officials themselves fell foul of the law. They violated the tenets of statutes 18USC3, 18USC4, 18USC1505, (*see* Addendum of Statutes) and joined in the conspiracy against rights – the rights to the protection of the laws and ownership of rightful property.

As the Plaintiff approached a growing number of government/law enforcement/judicial officials in his efforts to seek justice, the criminal endeavor within government to cover up the crimes and to protect felonious colleagues, escalated into the major seditious conspiracy and insurrection against the laws it is today. Officials implicated in this conspiracy range from junior policemen to the highest authorities in the land. This obstruction of justice and criminal conspiracy is well documented in the '*Dossier of Crimes*'. In a further attempt to redress the wrongs, Plaintiff sought both civil and criminal restitution in the courts of the United States. However, the judicial system has also failed to address the staggering level of criminal offenses perpetrated by government officials. In each case, corrupt and politically motivated judges joined forces

with the conspirators and have, in violation of the laws, dismissed the cases before trial in order to protect lawbreaking government officials. In a further effort to counteract and nullify the court cases, the conspirators embarked upon theft of court records, illegal removal of incriminating evidence, manipulation of court judgments, and a path of malicious intimidation and retaliation against the Plaintiff as primary witness to the crimes of government officers. There have been two foiled attempts to inveigle, kidnap and murder Plaintiff, in an endeavor to neutralize him in the courts as key witness to the crimes of high level government officials, and to dispense of the cases.

The aims of the intimidation and retaliation are:

- o  To illegally deprive the judicial system of key documents and evidence in order to obstruct the efficacy of the court in dealing with the crimes of the Defendants and their co-conspirators.
- o  To neutralize the Plaintiff as a key witness to the crimes of Defendants and co-conspirators.
- o  To corruptly contrive circumstances that will render the Plaintiff without standing or capacity to continue acting in the courts.
- o  To dispense with *all* cases against the Defendants and their co-conspirators in the seditious conspiracy, without due process of law.

The acts by the Defendants and their co-conspirators to achieve these aims are briefly described below and are more fully dealt with in the *'Dossier of Crimes'*. A *'Synopsis of the Case'* which provides a précis of the broader background, is tabled in Volume 1, Chapter 1.

## TAMPERING WITH AND ILLEGAL REMOVAL OF COURT EVIDENCE

*Tampering with Evidence*

Of the number of court cases which attempted to address different aspects or groupings of the seditious conspiracy, involving the Defendants and their co-conspirators, several cases succumbed to tampering with evidence. Certain examples are provided:

- The transcript of the status conference in the case *Anthony P. Keyter vs. 230 Government Officers* in the US District Court, Western District of Washington, was altered by the presiding judge to remove incriminating statements from the court records. (Further described in the *"Dossier of Crimes"*, Chapter 18.24, p 5).

- A motion for due process of law, submitted in the US District Court for Northern Texas, in the case *Anthony P. Keyter vs. United States of America*, was removed from the docket without being tended to, and reappeared on the docket only once the case was transferred to Washington State, where the case was illegally dismissed.

- The criminal case *United States vs. 14,164 Seditious Conspirators* in the United States Supreme Court underwent attempts to change the case name to resemble that of a civil case. The case has not been filed on the docket. Responsible for these crimes is Defendant Roberts.

*Theft of Court Record*

Theft of court record has been prolific throughout the efforts to bring the Defendants and their co-conspirators to justice in the courts:

- Evidence submitted to the 9th Circuit Court of Appeals in the case *Anthony P. Keyter vs. 230 Government Officers* was removed from the court records.

- In US Supreme Court case no. 06-284, *Keyter vs. 230 Government Officers*, 6 out of 9 pertinent documents filed in the case were illegally removed from the Supreme Court Record. Responsible for these crimes is Defendant Roberts.

- A Petition for Writ of Certiorari in the case Keyter vs. Keyter filed in the Supreme Court on January 27, 2006, and again on four subsequent occasions, was consecutively and corruptly removed from the court. Responsible for these crimes is Defendant Roberts.

- In US Supreme Court case no. 06-1069, *Keyter vs. McCain et al.*, 6 pertinent documents were illegally removed from the Supreme Court Record. Responsible for these corrupt removals is Defendant Roberts.

- In US Supreme Court case no. 05-140, *Anthony P. Keyter vs. George W. Bush*, 41 out of 47 documents filed in that case were illegally removed from the court record. *All documents* containing details of crimes committed by President Bush were amongst the papers thieved in the President's illegal attempt to obstruct justice, escape civil and criminal prosecution, and render assistance to lawbreaking peers. A list of the missing documents and further details of the crimes can be found in the *'Dossier of Crimes'* Chapter 1, in the document "Affidavit of Complaining Witness/Criminal Complaint of March 4, 2006." Subsequently, all trace of case no. 05-140 against President Bush has illegally been removed from the Supreme Court Record. Responsible for these crimes are Defendants Roberts and Bush. It was the exposure of these crimes which gave rise to the foiled, but nevertheless ongoing, criminal conspiracy to murder Plaintiff. (See *'Dossier of Crimes'* Volume 3, Chapters 1, 39-45).

- o A *Petition for Writ of Mandamus* was illegally removed from the Supreme Court Record. The aim of the mandamus order was to command President Bush to take care that the laws are administered on all the seditious conspirators. This petition was filed *seven times* with the US Supreme Court, but on each and every occasion the petition was illegally removed from the court records by conspirators. Responsible for these crimes are Defendants Roberts and Bush.

- o In US Supreme Court criminal case *United States of America vs. 14,164 Seditious Conspirators*, the writ petition and the three volumes of the *'Dossier of Crimes'* have surreptitiously been removed from the courthouse. The *'Dossier of Crimes'*, which details the crimes committed by the 14,164 conspirators, including crimes committed by the Defendants in *this case*, have illegally been removed from the US Supreme Court on a total of 13 occasions, and appears nowhere in the court record. The thieving and removal of these dossiers have furthered the aims of all 14,164 conspirators in the seditious conspiracy, including the Defendants in *this case*, and have assisted them to escape justice. (Further described in the *'Dossier of Crimes'*, Volume 1, Chapter 1.2). Responsible for these crimes are the Defendants Bush, Roberts, and their Supreme Court co-conspirators.

## INTIMIDATION / TAMPERING WITH A WITNESS

Intimidation of the Plaintiff - as key witness to the crimes of the seditious conspiracy - has been ongoing throughout the efforts to bring the perpetrators to justice.

- o The presiding judge in the case *Anthony P. Keyter vs. 230 Government Officers* in the US District Court, Western Washington, knowingly used intimidation and threats to corruptly attempt to dissuade or prevent Anthony Keyter from communicating information relating to the commission of federal offenses

committed by the 230 defendants in that case. (See *'Dossier of Crimes'*, Volume 2, Chapter 18.24, page 4).

- The Assistant Attorney General for Washington State, acting as counsel for some of the 230 government officers in the District Court, joined forces with the malfeasant judge, reiterated and amplified the threats, and was joined in her intimidation, by all the defendants (all being government officers who hold power over Plaintiff), in order to prevent the reporting of the crimes of the 230 defendants in that case, as well as the crimes of the Defendants of *this case*. (Further details in the *'Dossier of Crimes'*, Volume 2, Chapter 18.26, pages 3&4).

- On February 9, 2006, Anthony Keyter filed a criminal complaint (*'Dossier of Crimes'*, Volume 3, Chapter 1.2) in the US Supreme Court for extensive theft of record in case no. 05-140: *Anthony P. Keyter vs. George W. Bush* – a case intended, amongst others, to compel President Bush to take care of the faithful execution of the laws pertaining to the crimes of the seditious conspirators. Within 24 hours of those charges being filed before Justices of the Supreme Court, the conspirators cooperatively initiated a plot to intimidate and retaliate against Anthony Keyter, Plaintiff in *this case*. The execution of that criminal plot was achieved through the US Supreme Court, the offices of the White House, the FBI, the Boeing Company, the Federal Aviation Authority, on behalf of all conspirators, as described below. (See *'Dossier of Crimes'*, Volume 1, Chapter 1.2). Responsible for these crimes are the Defendants Bush, Roberts, Gonzales and Mueller.

- In an arrangement beneficial to all the conspirators, the White House and the Boeing Company immediately embarked upon a course of intimidation upon the

Plaintiff via threats of termination of employment, and scuttling of his professional career. (Further described in the *'Dossier of Crimes'*, Volume 1, Chapter 1.2). Responsible for these crimes are the Defendants Bush, Roberts, Gonzales and Mueller, and their co-conspirators.

- o  The Supreme Court Police intimidated and harassed Plaintiff when he reported to them the theft of record from the Supreme Court. (Further described in the *'Dossier of Crimes'*, Volume 1, Chapter 1.2). Responsible for this crime is Defendant Roberts and Supreme Court co-conspirators.
- o  Further intimidation has recently been experienced by the Plaintiff at the hands of US Marshals and the Orange County Sheriff's Department, for filing additional criminal charges connected with the seditious conspiracy with other authorities.

## RETALIATION AGAINST THE PLAINTIFF

*Conspiracy to Kidnap and Murder*

In an endeavor to terminate the Plaintiff's role as key witness to the crimes of seditious government officials and their ring-leaders (Defendants Bush, Roberts, Gonzales, and Mueller), and to dispense of the related court cases which addressed their malfeasance, the conspirators attempted to inveigle, seize, kidnap, and murder Plaintiff.

On February 9th, 2006 a 'Petition for Rehearing' was filed with the Supreme Court in the case against President Bush, together with a Criminal Complaint which addressed the extensive theft of court records. These documents significantly increased the risk of public exposure and prosecution of President Bush and his co-conspirators. Within 24 hours of these documents being filed in the US Supreme Court, President Bush and his agents initiated a criminal plot to retaliate against the Complainant with intent to kill him as primary witness to their crimes. The execution of this plot commenced in the

Supreme Court and unfolded through the offices of the White House, the FBI, the Boeing Company, and the Federal Aviation Authority. Under orders from the President, White House aids contacted Complainant's employer, the Boeing Company. In a mutually beneficial arrangement, officers of the Boeing Company immediately embarked upon an attempt to inveigle the Complainant to an area away from his normal workplace, there to unlawfully seize him - kidnap him - in execution and collaboration with the plot to murder him. This act violated the statute 18USC1201. The ring-leaders responsible for this plot are Defendants Bush, Roberts, Gonzales, and Mueller.

### *Retaliation against a witness*

The attempts at tampering with a key witness (18USC1512), and retaliation against a witness (18USC1513), were intended to prevent attendance in official court proceedings, and to prevent further testimony by the Complainant against the law-breaking government officers. The first attempt to kidnap and murder the Complainant (executed by officers of the Boeing Company) failed, and resulted in further criminal charges being filed. A second attempt was undertaken through the Federal Aviation Authority in an effort to prevent information relating to these federal offenses from reaching law enforcement and the courts. The second kidnap attempt was also abortive, but subsequent evidence of stalking indicates that the conspirators intend to consummate their sinister plot. (See *'Dossier of Crimes'* Volume 3, Chapters 1, 39-45)

### *Destruction of Plaintiff's Livelihood.*

The direct result of filing the criminal complaint on February 9, 2006, (against those conspirators who removed evidence of the illegal conspiracy from the US Supreme Court), was that on March 10, 2006, the Boeing Company implemented their earlier threats and discharged Plaintiff from his 17-year employment as Senior Instructor Pilot at

the company on fabricated pretext, and thereby destroyed his livelihood. This act violated the statute 18USC1513(e). Responsible for this crime are Defendants Bush, Roberts, Gonzales, and Mueller.

### *Obstructing Plaintiff in the Free Exercise of his Profession*

The malevolent and illegal retaliation did not cease there. The conspirators continued in their efforts to destroy Plaintiff's livelihood and career and to obstruct his ability to earn an income. In collusion with the Federal Aviation Authority (FAA) conspirators blocked Plaintiff from using his federal flying license. *('Dossier of Crimes',* Volume 3, Chapter 1). In this way conspirators have prevented him from finding another job in his profession as a pilot, with the objective of destroying his financial resource and ability to pursue the court actions against the Defendants and co-conspirators.

### *Deprivation of Plaintiff's Privacy*

Plaintiff has been deprived of his privacy through the illegal interception of all his communications, in violation of the tenets of the Patriot Act. This is a further display of abuse of power and of state machinery, in a co-operative endeavor by the conspirators.

### *Deprivation of Plaintiff's Rights*

The conspirators have also retaliated against the Plaintiff by denying him the right to the protection of the law. Each of the government conspirators, who holds (or held) an official government position, conspired to deny Plaintiff the right to the protection of the laws. By withholding and neglecting their individual duties, the state functions were thwarted and the Plaintiff's rights were deprived.

## CONSPIRACY TO COMMIT OFFENSES AGAINST
## PLAINTIFF AND THE STATE

None of the participants acted alone in the criminal activities described herewith. The complicity (18USC371) and/or accessory role (18USC3) of each of the 14,164 known criminal conspirators in the attempted kidnap and murder of the Plaintiff as key witness to their crimes, is evident from their failure of legal obligation to address this crime - either as responsible United States citizens (18USC4), or as officials pursuant their specific duties associated with their positions of authority under the United States.

The cooperative criminal acts committed by the 14,164 conspirators and described above, furthered the common aims of, and were of mutual benefit to, all 14,164 conspirators listed below. The illegal removal of these criminal dossiers from the US Supreme Court Record suppressed information of the crimes of *all* the conspirators. The illegal removal of the mandamus petition from the Supreme Court Record in the Bush case saved *all* the conspirators, including the Defendants, from a court order enforcing criminal investigation and resultant prosecution of their crimes. The plot to kidnap and murder Plaintiff, if it had succeeded, would have wiped *all* court proceedings against the 14,164 conspirators clean off the slates It is the combined action by conspirators that has served to defeat the course of justice so absolutely - one conspirator or group performing one part of the criminal act, another, the other part of the act

For instance: one group of conspirators hatching the plot to kidnap the Plaintiff; one group initiating the plot; another group executing the (foiled) attempt; yet a third group illegally protecting them by failing to prosecute the offenders; and ultimately, the judges failing to administer the law or provide protection to the Plaintiff, by summarily

13

dismissing the court cases, and illegally removing evidence against the conspirators from court records.

This cooperative endeavor amongst the 14,164 conspirators to commit offense against the Plaintiff and the state, or to assist in the commission thereof, was amply demonstrated during the period March 13 to 25, 2006. Meetings were held between representatives of the different groupings of conspirators, under the auspices of former US Attorney General Gonzales, to plot their evasion of criminal culpability for crimes committed and to render criminal assistance to one another, and to plot further retaliation against the Plaintiff.

**FURTHER RETALIATION AND OFFENSES AGAINST THE UNITED STATES**

The scenario existing today, with the impending public exposure of the seditious conspiracy and murder plot, is analogous to the situation which motivated the murder attempts in the first instance two years ago. The increased frequency of crimes being committed by the conspirators; the increased attempts to conceal the crimes; the ever-widening circle of mutual protection by government officers of malfeasant colleagues; the blatancy and brazenness of their ongoing crimes; all these indications provide strong cause to believe that further retaliation against the Plaintiff is imminent. There is indeed a grim threat and a high probability of further attempts to conceal evidence in the courts; theft of incriminating evidence from the Plaintiff's office with a phony search warrant corruptly obtained, or by a breaking in; further attempts to silence the Plaintiff, including further attempts upon the life of the Plaintiff.

Moreover, there are many high profile and politically powerful officials amongst the conspirators, including their ring-leaders, the Defendants in this case: Bush, Roberts, Gonzales, and Mueller. Their propensity to malice, and the absolute impunity with which

they can violate the laws, is amply demonstrated in the 2000 pages of the '*Dossier of Crimes*'. Not a single crime has been investigated or prosecuted.

## CONCLUSION

Never before has a government of the United States been so unified in its lawlessness; been so cohesive in its maliciousness; been so defiant of its own Constitution; and been so close to inflicting a disaster upon the United States and its people. Plaintiff invokes the assistance of this court to ensure that it never happens again.

Plaintiff requests this court to prohibit the Defendants and their co-conspirators from committing further offenses against the United States and its people, and to prevent further retaliation and harm upon the Plaintiff.

*This urgent ex parte motion for preliminary injunction is filed to obtain immediate protection of the laws.*


Dated: June 23, 2008

Respectfully submitted,

Anthony P. Keyter, Pro Se

## ADDENDUM OF STATUTES

18 USC 3 – Accessory after the Fact:  Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

18 USC 4 – Misprision of Felony:  "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States shall be fined under this title or imprisoned not more than three years, or both".

18 USC 1201 – Kidnapping:  In relevant parts: (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when---(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;---such person shall be punished by imprisonment for any term of years or for life;  --- (c) If any two or more persons conspire to violate this section and one or more of such persons do any act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

18USC1505 - Obstruction of Justice
 States in relevant part: "Whoever corruptly… ….influences, obstructs, or impedes ….the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States… shall be fined under this title, or imprisoned not more than 5 years…"

18USC 1512 - Tampering with a witness, victim, or an informant:  In relevant parts:
(a)(1) Whoever kills or attempts to kill another person, with intent to-- (A) prevent the attendance or testimony of any person in an official proceeding; (B) prevent the production of a record, document, or other object, in an official proceeding; or (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (3): The punishment for an offense under this subsection is-- (A) in the case of murder (as defined in section 1111), the death penalty or imprisonment for life, and in the case of any other killing, the punishment provided in section 1112; (B) in the case of-- (i) an attempt to murder; or (ii) the use or attempted use of physical force against any person; imprisonment for not more than 20 years; and (C) in the case of the threat of use of physical force against any person, imprisonment for not more than 10 years.

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-- (1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to-- (A) withhold testimony, or withhold a

16

record, document, or other object, from an official proceeding;(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (D) be absent from an official proceeding to which such person has been summoned by legal process; or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be fined under this title or imprisoned not more than ten years, or both.

(c) <u>Whoever corruptly</u>-- (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

<u>18USC1513 - Retaliating against a witness, victim, or an informant:</u> In relevant parts:
(a)(1) Whoever kills or attempts to kill another person with intent to retaliate against any person for-- (A) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or (B) providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be punished as provided in paragraph (2): The punishment for an offense under this subsection is—(A) in the case of a killing, the punishment provided in sections 1111 and 1112; and B) <u>in the case of an attempt,</u> imprisonment for not more than 20 years; ...........

(e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, <u>including interference with the lawful employment or livelihood of any person,</u> for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.. .........Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

<u>18 USC 371 – Conspiracy to Commit Offense</u>
States in relevant part: "If two or more persons conspire either to commit any offense against the United States" "and one or more such persons do any act to effect the object of the conspiracy" each is guilty of Conspiracy to Commit Offense.