IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY KEYTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-097-SLR |
| | ) |
| PRESIDENT GEORGE W. BUSH, | ) |
| CHIEF JUSTICE JOHN G. ROBERTS, | ) |
| ATTORNEY GENERAL ALBERTO | ) |
| GONZALES, and FBI DIRECTOR | ) |
| ROBERT MUELLER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

On February 11, 2008, plaintiff Anthony Keyter ("Keyter") filed suit against defendant United States of America ("the government") in the United States District Court for the Northern District of Texas ("the Texas action"). Keyter v. United States of America, No. 3:08-cv-00260-0 (N.D. Tex. Apr. 4, 2008). Keyter, a resident of Gig Harbor, Washington, alleged "twenty-two causes of harm and suffering inflicted upon him, including failures to abide by the Constitution, slander, destruction of career and livelihood, intimidation, retaliation, stalking by government assassins and conspiracy to kidnap and murder him." Id. at 2. Although naming the government as the only defendant, Keyter specifically asserted charges of conspiracy to kidnap and murder against President George W. Bush, Supreme Court Chief Justice John G. Roberts, Attorney General Alberto Gonzales, and FBI Director Robert Mueller. On April 8, 2008,

the court, pursuant to 28 U.S.C. § 1406(a), transferred the Texas action to the United States District Court for the Western District of Washington.[1]

On February 12, 2008, Keyter filed virtually the identical case in this court ("the Delaware action").[2] Specifically, Keyter alleges violations of several criminal statutes[3] by defendants President George W. Bush, Chief Justice John G. Roberts, Attorney General Alberto Gonzales and FBI Director Robert Mueller. (D.I. 1, 6) Keyter asserts there is a "seditious conspiracy and insurrection against the laws of the United States" and contends defendants have attempted to kidnap and murder him.[4] (D.I. 6 at 6) He

---

[1]After finding no connection between the alleged facts and the Northern District of Texas, the court concluded that the interests of justice favored transferring the case to the district where Keyter resides and where a substantial part of the events or omissions giving rise to Keyter's claims occurred.

[2]A comparison of the papers filed in the Texas action and Delaware action reveals obvious duplications and similarities. For example, both contain the same complaint titled "Affidavit of complaining witness/criminal complaint: insurrection and seditious conspiracy against the laws of the United States" signed and submitted by Keyter on May 23, 2007. Following each complaint are the exact same 39 pages, which include: (1) Appendices I and II; (2) a request that criminal charges be lodged against 443 "insurgents"; (3) a request for injunction; (4) removal from office of the "insurrectionists"; (5) charges of treason lodged against 535 members of the 110th Congress of the United States; and (6) the following caveat:
> You are further requested to advise me without delay of what action you have taken, if any, to deal with this Criminal Complaint. Should I fail to hear from you by return, I shall have no choice but to assume that you have no intention of removing the insurgents from public office, providing protection of the laws, and dealing with the Insurrection and Seditious Conspiracy against the laws of the United States.

(Delaware action, D.I. 1 at 5; Texas Action, D.I. 1 at 5)

[3]18 U.S.C. § 3, § 1117, § 1201 and 18 U.S.C. §§ 2381 through 2384,

[4]Keyter has an extensive litigation history. See, www.anthonykeyter.com By his own account, Keyter has sent correspondence to each defendant "informing them of the criminal conspiracy against the laws and appealing for the enforcement, administration, and execution of the laws, provide further clear evidence of their role in the seditious conspiracy to kidnap and murder" him. (D.I. 6 at 21, "To President Bush -

2

urges the court to compel defendants to obey the laws and to protect plaintiff "against prospective government assassins by arresting the plotters" any by initiating criminal prosecution of defendants.[5] (D.I. 6 at 3)  He does not allege any of the conduct at issue occurred in Delaware.[6]

## II. VENUE

28 U.S.C. § 1391(e) provides, in part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Considering this statute against Keyter's copious filings, the court finds venue in the District of Delaware is inappropriate. Specifically, there is no evidence of record that any defendant resides in Delaware. Subsection two, likewise, does not provide venue as a substantial part of the events or omissions giving rise to the claims occurred

---

45 pieces of correspondence . . . [t]o Chief Justice Roberts - 21 pieces of correspondence . . . [t]o the Attorney General - 34 pieces of correspondence . . . [t]o FBI Director Mueller and the FBI -30 pieces of correspondence").

[5]Keyter has filed similar actions requesting criminal prosecution of government officials, all of which have been dismissed. See Keyter v. 230 Government Officers, 372 F. Supp.2d 604, 605-08 (W.D. Wash. 2005); Keyter v. United States, Misc. No. 1:2006mc00148 (D. D.C. Mar. 9, 2006); Keyter v. McCain, Civ. Action No. 2:2005cv01923 (D. Ariz. June 24, 2005); Keyter v. Bush, Civ. Action No. 1:2003cv02496 (D. D.C. Dec. 3, 2003).

[6]The summons and amended complaint were served on each defendant in Washington, D.C. (D.I. 9)  Subsequently, defendants' moved to dismiss for improper venue. (D.I. 10)  Although Keyter opposes defendants' motion, he requests that the court transfer the case to the proper venue rather than dismiss the case. (D.I. 12 at 4)

outside of Delaware. Similarly, subsection three does not confer venue as Keyter is a resident of Washington.

Pursuant to 28 U.S.C. §1406(a), a court may, in the interests of justice, transfer a case where the original venue is improper to a district where venue would be proper. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). The decision to transfer a case lies within the broad discretion of the district court. Stewart Org., Inc., v. Ricoh Corp., 487 U.S. 22, 29 (1988). Considering this record, the court finds the interests of justice favor transferring the action to the Western District of Washington where Keyter resides and the events at issue seem to have occurred.

## III. CONCLUSION

At Wilmington this  15th  day of August, 2008, for the reasons stated;

IT IS ORDERED that the Clerk of Court transfer this action to the United States District Court for the Western District of Washington.

_____
United States District Judge